UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER** | **CIVIL ACTION** |
| | **No. 13-6702** |
| **VERSUS** | |
| | **SECTION I** |
| **STEVEN STUBENRAUCH** | |

## ORDER AND REASONS

Before the Court is a motion[1] by defendant, Steven Stubenrauch, to dismiss plaintiff's complaint for lack of standing pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff, Greater New Orleans Fair Housing Action Center ("GNOFHAC") has filed an opposition.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

The facts alleged in the complaint are as follows. GNOFHAC is a non-profit civil rights organization.[3] Its mission is "to eradicate housing discrimination and segregation throughout the greater New Orleans area."[4] GNOFHAC "engages in education, investigation, and enforcement activities with respect to fair housing laws."[5] From February 4, 2012, to March 5, 2012, GNOFHAC engaged in a testing investigation to determine whether unlawful discrimination was occurring at

---

[1] R. Doc. No. 14.

[2] R. Doc. No. 16.

[3] R. Doc. No. 1, at 2.

[4] R. Doc. No. 1, at 2.

[5] R. Doc. No. 1, at 2.

a rental property in Slidell, Louisiana.[6] Defendant told GNOFHAC's African-American testers that the advertised property was unavailable, but invited white testers to inspect the apartment.[7]

On December 18, 2013, GNOFHAC filed a complaint alleging that defendant engaged in unlawful housing discrimination.[8] GNOFHAC alleges that it has "expended time and resources to monitor and counteract the effects of defendant's discriminatory conduct," including distributing literature throughout the Slidell community about housing discrimination, discussing such discrimination with Slidell community leaders, and publishing online notices about race-based housing discrimination in publications targeting St. Tammany Parish.[9] According to GNOFHAC, these efforts diverted resources from "other planned activities and campaigns to eradicate other forms of housing discrimination."[10]

Defendant has filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that GNOFHAC lacks constitutional standing to bring its lawsuit because it has not alleged a cognizable injury in fact.[11]

## LAW AND ANALYSIS

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction. Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule

---

[6] R. Doc. No. 1, at 3.

[7] R. Doc. No. 1, at 1, 3-9. "In the present context, 'testers' are individuals who, without an intent to rent or purchase a home or apartment, pose as renters or purchasers for the purpose of collecting evidence of unlawful [] practices." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982).

[8] R. Doc. No. 1, at 1.

[9] R. Doc. No. 1, at 7.

[10] R. Doc. No. 1, at 7.

[11] R. Doc. No. 5-1, at 7.

-2-

12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (holding that where there are grounds for dismissal under Rule 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted, the "court should dismiss only on the jurisdictional ground . . . without reaching the question of failure to state a claim")). This approach "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 161. Where dismissal under Rule 12(b)(1) is appropriate, the plaintiff is not precluded from seeking relief in another forum with proper jurisdiction because no determination on the merits has been made. *See Hitt*, 561 F.2d at 608.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

To establish constitutional standing, the party invoking federal jurisdiction must establish three elements:

> First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent not conjectural or hypothetical. . . . Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct

may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* (citation omitted). Defendant contends that GNOFHAC cannot meet the first requirement.[12]

In *Havens*, 455 U.S. at 379, the U.S. Supreme Court concluded that a district court erred in dismissing the claims of an organization for lack of standing. The Court observed: "If, as broadly alleged, petitioners' steering practices have perceptibly impaired HOME's ability to provide counseling and referral services for low- and moderate-income homeseekers, there can be no question that the organization has suffered injury in fact. Such concrete and demonstrable injury to the organization's activities—with the consequent drain on the organization's resources—constitutes far more than simply a setback to the organization's abstract social interests." *Id.* (citation omitted). Plaintiff's complaint tracks the language in *Havens*, alleging that "[t]he need to counteract the effects of defendant's unlawful conduct through specifically targeted education and outreach efforts has [] perceptibly impaired GNOFHAC's ability to provide other services and activities."[13]

After considering the arguments of the parties and the allegations set forth in the complaint, the Court concludes that GNOFHAC's broad allegation that distributing literature, meeting with community leaders, and posting online notices relative to racial discrimination in St. Tammany Parish impaired GNOFHAC's ability to pursue "planned activities and campaigns to eradicate other forms of housing discrimination"[14] suffices to survive defendant's motion to dismiss. *See also Ferrand v. Schedler*, No. 11-926, 2011 WL 3268700, at *4 (E.D. La. July 21, 2011). Defendant's argument to the contrary is unpersuasive because it relies on cases that proceeded to summary

---

[12]R. Doc. No. 14-1, at 5.

[13]R. Doc. No. 1, at 7.

[14]R. Doc. No. 1, at 7.

judgment or trial. *See ACORN v. Fowler*, 178 F.3d 350, 357 (5th Cir. 1999) (emphasizing the "difference in procedural posture" between motions to dismiss and motions for summary judgment). The single case cited by defendant that involved a motion to dismiss, *Banks v. Housing Authority of City of Bossier City, La.*, No. 11-0551, 2011 WL 4591899, at *4 (W.D. La. Sept. 30, 2011), involved the denial of such a motion.

## CONCLUSION

For the foregoing reasons, the Court concludes that GNOFHAC has alleged an injury sufficient to survive defendant's motion to dismiss, although GNOFHAC must demonstrate at trial that it has indeed suffered the injury alleged in its complaint. *See Haven*, 455 U.S. at 379 n.21. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, May 9, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**